IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| COLFOR MANUFACTURING, INC., *ET AL*, ) | |
| ) | Case No. 5:22-cv-01658 |
| Plaintiffs, ) | |
| ) | Judge Dan Aaron Polster |
| v. ) | |
| ) | OPINION & ORDER |
| MACRODYNE TECHNOLOGIES, INC., *ET AL*, ) | |
| ) | |
| Defendants. ) | |

Before the Court is a defendant's partial motion to dismiss under Fed. R. Civ. P. 12(b)(6). Bosch Rexroth Canada Corporation ("Bosch") moves to dismiss three of the six counts against it: Count 10 (Defect due to Nonconformance with Representation (Ohio Revised Code (R.C.) § 2307.77)), Count 11 (Negligence), and Count 13 (Breach of Warranty). This products liability case stems from a large-scale fire at a metal forming plant. The plant housed a hydraulic draw press that the plaintiffs allege was defective and caused the fire. Bosch designed and manufactured the hydraulic draw press's hydraulic system and related components. In its partial motion to dismiss, Bosch argues that Count 10 fails to state an offense and Count 11 and Count 13 are abrogated by the Ohio Product Liability Act (OPLA) (R.C. §§ 2307.71 - 2307.79). The plaintiffs contend that they pleaded sufficient facts and Counts 11 and 13 are pleaded in the alternative to the OPLA claims. For the following reasons, the Court DENIES Bosch's partial motion to dismiss.

Background

The plaintiffs in this case are Colfor Manufacturing, Inc. ("Colfor Manufacturing") and ten insurance entities, including: Zurich American Insurance Company, XL Insurance America, Inc., Westport Insurance Corporation, Interstate Fire & Casualty Company, HDI Global

1

Insurance Company, National Fire & Marine Insurance Company, General Security Indemnity Company of Arizona, ACE American Insurance Company, HDI Global Specialty SE – UK, and Great Lakes Insurance SE.  ECF Doc. 21 at pp. 2-4, 6.  The four defendants are Bosch, Macrodyne Technologies, Inc. ("Macrodyne Technologies"), MT Press Services Inc. ("MT Press"), and Lee Industrial Contracting ("Lee Contracting").  *Id.* at p. 5.

In 2016, Colfor Manufacturing bought a metal forming hydraulic draw press ("Press 761")[1] from Macrodyne Technologies to make truck axles at its plant in Malvern, Ohio.  ECF Doc. 21, p. 7.  Macrodyne Technologies designed and manufactured Press 761.  *Id.*  Bosch designed and manufactured Press 761's hydraulic system and related component parts.  *Id.*  Macrodyne Technologies shipped Press 761 from Canada to Colfor Manufacturing's Ohio plant.  *Id.* at pp. 7-8.  Lee Contracting reassembled and installed Press 761.  *Id.* at p. 8.  Macrodyne Technologies and MT Press supervised Press 761's assembly, installation, and calibration.  *Id.*  Macrodyne Technologies and MT Press also provided Colfor Manufacturing "continuing consultation" about Press 761's "use, operation, maintenance and service."  *Id.*

In September 2020, there was a fire at Colfor Manufacturing's plant that resulted in extensive property damage and economic loss.  ECF Doc. 21, pp. 10-11.  The plaintiffs allege that the fire originated "at and around" Press 761.  *Id.* at p. 9.  When operating, Press 761 reached temperatures up to 1300 degrees Fahrenheit.  *Id.* at p. 7.  On top of Press 761 was a hydraulic system and connection assembly that Bosch designed and manufactured.  *Id.*  Colfor Manufacturing alleges that "design, manufacture, and/or assembly" malfunctions caused the hydraulic system and connection assembly to leak hydraulic fluid, which then caught fire.  *Id.* at pp. 7-8.  The insurance carriers have reimbursed Colfor Manufacturing more than $83 million for

---

[1] The parties refer to the hydraulic draw press as "Press 761."  ECF Doc. 21, p. 7.  Accordingly, so will the Court.

its fire related damages and losses. ECF Doc. 21, p. 11. Colfor Manufacturing alleges it suffered additional losses of approximately $1 million. *Id.*

## Procedural History

On September 16, 2022, the plaintiffs filed a complaint in the Northern District of Ohio. ECF Doc. 1. On October 28, 2022, the plaintiffs amended their complaint. ECF Doc. 21. The plaintiffs assert six claims against Bosch, including two Ohio common law claims and four product liability claims under the OPLA. *Id.* The Ohio common law claims are: Count 11 (Negligence), Count 13 (Breach of Warranty), while the claims under the OPLA are: Count 7 (Design Defect (R.C. § 2307.75)), Count 8 (Manufacturing Defect (R.C. § 2307.74)), Count 9 (Failure to Warn (R.C. § 2307.76)), and Count 10 (Defect due to Nonconformance with Representation (R.C. § 2307.77)). *Id.* On February 1, 2023, Bosch filed a partial motion to dismiss Counts 10, 11, and 13. ECF Doc. 35. The plaintiffs responded approximately one month later. ECF Doc. 38. Bosch filed its reply on March 16, 2023. ECF Doc. 44.

## Standard

The Court may dismiss a claim when a party fails to plead facts on which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff is not required to include "detailed

3

factual allegations," but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citation omitted). In reviewing a complaint, this Court "must construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Doe v. Miami Univ.*, 882 F.3d 579, 588 (6th Cir. 2018) (citation omitted). As the moving party, Bosch bears the burden of proof. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008).

OPLA Analysis

Bosch asserts that Counts 11 and 13 should be dismissed because the OPLA abrogates all product liability claims pled outside of it. ECF Doc. 35, pp. 4-5. Bosch argues that the plaintiffs' negligence and breach of warranty claims are "duplicative" to the OPLA claims, and the plaintiffs cannot "separate a product liability claim from the OPLA by seeking only economic losses under a non-OPLA theory." ECF Doc. 44, pp. 2-3. The plaintiffs oppose Bosch's partial motion to dismiss. They contend that Ohio law permits them to simultaneously "bring their OPLA claims for compensatory damages, and in the alternative, also bring their common law claims for purely economic damages." ECF Doc. 38, p. 5.

The OPLA abrogates "all common law product liability claims or causes of action." R.C. § 2307.71(B). A "product liability claim" is one that "seeks to recover compensatory damages from a manufacturer or supplier for death, physical injury to person, emotional distress, or physical damage to property other than the product in question." R.C. § 2307.71(A)(13). Excluded from this definition are claims that seek to recover only for a damaged product or other "economic loss." Under the OPLA, economic loss refers to "direct, incidental, or consequential pecuniary loss, including, but not limited to, damage to the product in question, and nonphysical damage to property other than that product." R.C. § 2307.71(A)(2). The plain language of R.C.

§ 2307.72(C) further underscores the distinction between "product liability claims" that, by definition, fall under the OPLA and common law claims for economic loss damages that fall outside the OPLA. It provides:

> Any recovery of compensatory damages for economic loss based on a claim that is asserted in a civil action, other than a product liability claim, is not subject to sections 2307.71 to 2307.79 of the Revised Code, but may occur under the common law of this state or other applicable sections of the Revised Code.

R.C. § 2307.72(C). The plaintiffs' negligence and breach of warranty claims seek to recover only "economic damages and loss," including "the value of lost production time and lost profits." ECF Doc. 21, pp. 19, 20. Accordingly, Counts 11 and 13 do not satisfy the statutory definition of a "product liability claim," and the OPLA does not abrogate them.

A related issue is whether the plaintiffs can pursue their non-OPLA claims and OPLA claims in the same suit. In the absence of Sixth Circuit precedent on this specific issue, this Court finds persuasive the reasoning of other courts in the circuit that permitted plaintiffs to do so. *See Darwish v. Ethicon, Inc.*, No. 1:20 CV 1606, 2020 U.S. Dist. LEXIS 228048, at *9 - 12 (N.D. Ohio Dec. 4, 2020) (permitting a common law negligence claim for economic loss damages to proceed simultaneously with the plaintiff's OPLA claims because plaintiffs have the procedural right to assert alternative theories under Fed. R. Civ. P. 8(d)(2), and the recovery of economic losses in OPLA claims is contingent upon the recovery of compensatory damages under R.C. § 2307.79); *see also Huffman v. Electrolux N. Am., Inc.*, 961 F. Supp. 2d 875, 878-82 (N.D. Ohio 2013) (denying a defendant's motion to dismiss and permitting a plaintiff's common law products liability claims to proceed with OPLA claims because "the OPLA's definition of 'products liability claim,' the Act's damage provision, and the General Assembly's failure to amend the remedial portion of the Act support plaintiff's contention that she should be allowed to bring both common-law and OPLA claims"); *Great Northern Ins. Co. v. BMW of N. Am. LLC*,

5

84 F. Supp. 3d 630, 649 (S.D. Ohio 2015) (adopting the rationale in *Huffman* and denying a defendant's motion for summary judgment, holding that the plaintiffs may "argue in the alternative and bring their OPLA claims for compensatory damages, and their common implied warranty claim for purely economic damages, under the same set of facts").

Therefore, the plaintiffs' negligence and breach of warranty claims that seek solely economic loss damages fall outside the OPLA and are not abrogated. Under Fed. R. Civ. P. 8(d)(2), Counts 11 and 13 are legally proper as alternative theories of recovery to the OPLA claims. The plaintiffs cannot recover on both an OPLA claim and common law claim under the same set of facts. *See Son v. Coal Equity, Inc.*, 122 F. App'x 797, 802 (6th Cir. 2004) (citing *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 297, 122 S. Ct. 754, 766 (2002)) (It "goes without saying that courts can and should preclude double recovery.").

<u>Failure to State an Offense Analysis</u>

Bosch asserts that the plaintiffs did not allege sufficient facts to sustain a claim for Count 10, Defect Due to Nonconformance with Representation (R.C. § 2307.77). ECF Doc. 35, p. 7. Bosch argues that the plaintiffs failed "to allege a specific representation made by anyone at Bosch to Colfor or allege that Colfor relied on any such representation when deciding whether to purchase Press 761." *Id.* The plaintiffs oppose Bosch's motion. They maintain that they "have pled facts, which accepted as true, sufficiently allege a claim for failure to conform with representations." ECF Doc. 38, p. 9. The Court agrees.

In Ohio, a "product is defective if it did not conform, when it left the control of its manufacturer, to a representation made by that manufacturer." R.C. § 2307.77. "Representation" refers to "an express representation of a material fact concerning the character, quality, or safety of a product." *Id.* at § 2307.71(A)(14). The plaintiffs must prove that: (1)

6

Bosch made a representation as to a material fact concerning the quality or character of the product; (2) the product did not conform to the representation; (3) the plaintiffs justifiably relied on the representation; and (4) the plaintiffs' reliance on the representation was the direct and proximate cause of the injury. *Krumpelbeck v. Breg, Inc.*, 491 F. App'x 713, 722 (6th Cir. 2012); *see also Chic Promotion v. Middletown Sec. Sys.*, 116 Ohio App. 3d 363, 366, 688 N.E.2d 278, 281 (1996).

The factual allegations in Count 10 state a claim to relief under R.C. § 2307.77. The plaintiffs alleged that Bosch "advertised," "marketed," and "represented" to Colfor Manufacturing and "other purchasers and end users" that Press 761 was "safe, effective and fit for [its] intended use"; that Press 761 did not conform to Bosch's representations; that Colfor Manufacturing "reasonably and justifiably relied" on Bosch's representations about Press 761's safety and fitness; and that Bosch's "noncompliance with its representations . . . directly and proximately caused the damages sustained by Plaintiffs." ECF Doc. 21, pp. 7, 17-18. Count 10 admittedly does not allege who made the representations, when they were made, how they were made, or characterize Bosch's alleged representations as "express." *Id.* Additionally, the complaint misstates the fourth element of the claim: that the plaintiffs' reliance on Bosch's representations was the direct and proximate cause of their injuries. Instead, the complaint alleges that Bosch's "noncompliance with its representations" was the direct and proximate cause of the plaintiffs' damages. ECF Doc. 21, p. 18.

Even so, the plaintiffs satisfied Fed. R. Civ. P. 8(a)(2) and alleged enough facts to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Count 10 has sufficient factual content for this Court to draw the reasonable inference that Bosch is liable for the alleged misconduct. *See id.* Specifically, the Court can infer that Bosch represented that Press 761 was

7

safe, effective, and fit for its intended use; that Colfor Manufacturing relied on Bosch's representation; and that Colfor Manufacturing suffered damages as a result of its reliance. This is sufficient to survive a motion to dismiss. *See Doe v. Miami Univ.*, 882 F.3d at 588 (quoting *Iqbal*, 129 S. Ct. at 678) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") Therefore, the plaintiffs have pleaded facts—which accepted as true—are sufficient to allege a claim for Defect Due to Nonconformance with Representation.

<u>Conclusion</u>

The Court finds that the OPLA does not abrogate the plaintiffs' common law product liability claims (Counts 11 and 13) that seek solely economic loss damages. Additionally, Count 10 pleaded sufficient facts to allege a claim. Accordingly, the Court <u>DENIES</u> Bosch's partial motion to dismiss.

Date: April 10, 2023

                                                                      <u>*/s/ Dan Aaron Polster*</u>
                                                                      Dan Aaron Polster
                                                                      United States District Judge